THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>U.S. Department of Justice<br>Antitrust Division, Networks and<br>Technology Enforcement Section<br>600 E Street, NW, Suite 9500<br>Washington, DC 20530<br><br>                Plaintiff,<br><br>     v.<br><br>PEARSON PLC,<br>80 Strand<br>London WC2R ORL<br>England<br><br>PEARSON EDUCATION, INC.,<br>One Lake Street<br>Upper Saddle River, NJ 07458<br><br>REED ELSEVIER PLC,<br>1-3 The Strand<br>WC2N 5JR<br>London, England<br><br>REED ELSEVIER NV, and<br>Radarweg 29<br>1043 NX Amsterdam<br>The Netherlands<br><br>HARCOURT ASSESSMENT INC.,<br>14500 Bulverde Road<br>San Antonio, TX 78259<br><br>                Defendants. | Civil Action No.: 1:08-cv-00143 (CKK)<br>Filed: May 23, 2008 |

**DEFENDANTS CERTIFICATE OF COMPLIANCE WITH 15 U.S.C. § 16(G)**

Pursuant to Section 2(g) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(g),

Defendants Pearson plc and Pearson Education, Inc. (collectively "Pearson") are required to describe all written or oral communications by or on behalf of Pearson with any officer or employee of the United States concerning or relevant to the proposed Final Judgment filed in this action on January 24, 2008.  Under Section 2(g), the description excludes any communications "made by counsel of record alone with the Attorney General or the employees of the Department of Justice alone." 15 U.S.C. § 16(g).  Title 15 U.S.C § 16(g) also requires that, prior to the entry of the proposed Final Judgment in this case, each defendant certify to the District Court that it has complied with the requirements of subsection (g), and that such filing is a true and complete description of communications know to the defendant or which the defendant reasonably should have known.

      On February 1, 2008, Pearson filed its Description of Written or Oral Communications Concerning the Proposed Final Judgment in This Action.  Since then, no other communications requiring description pursuant to Section 2(g) have occurred.  By execution of this document, Pearson certifies that it has complied with Section 2(g), and that the February 1, 2008 description of communication by or on behalf of Pearson, known to Pearson (or which Pearson should have known), and required to be reported under Section 2(g) is true and complete.

Dated: May 23, 2008

Respectfully submitted,

        FOR DEFENDANTS
PEARSON PLC and PEARSON
EDUCATION INC.:

  /s/ Jonathan M. Rich
Jonathan M. Rich, Esq. (D.C. Bar# 447942)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
(202) 739-5433

Attorney for *Defendants* Pearson plc and Pearson Education, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2008 a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System for the United States District Court for the District of Columbia and served by email on the below-identified attorneys:

Damon J. Kalt, Esq.
U.S. Department of Justice
Antitrust Division, Networks and Technology Enforcement Section
600 E Street, NW, Suite 9500
Washington, DC 20530

Attorney for *Plaintiff*

Robert A. Lipstein, Esq.
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004

Attorney for *Defendants* Reed Elsevier PLC, Reed Elsevier NV, and Harcourt Assessment Inc.:

  /s/ Jonathan M. Rich
Jonathan M. Rich, Esq. (D.C. Bar# 447942)
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-5433

Attorney for *Defendants* Pearson plc and Pearson Education, Inc.